O’Neill, J.,
concurring in part and dissenting in part.
{¶ 60} Despite my agreement with the majority’s decision regarding the public records requested by relator, the Cincinnati Enquirer, in this case, I dissent from the decision not to award attorney fees to the Enquirer. Ultimately, the records at issue were released to the Enquirer after a lawsuit was filed, but significantly, *446 this court does not dismiss this case as moot. Instead, this court recognizes that this issue is capable of repetition yet evading review.
Graydon, Head & Ritchey, L.L.P., John C. Greiner, and Darren W. Ford, for relator.
Michael DeWine, Attorney General, and Jeffrey W. Clark, Hilary R. Damaser, and Morgan Linn, Assistant Attorneys General, for respondents.
Gregg Marx, Fairfield County Prosecuting Attorney, and Joshua S. Horacek, Assistant Prosecuting Attorney, in support of respondents for amicus curiae, Ohio Prosecuting Attorneys Association.
{¶ 61} Whether police dash-cam recordings are public records is a major public-policy question in Ohio. But it is wrong for this court to recognize the clear public interest in police dash-cam recordings and then to deny the Enquirer reasonable attorney fees after it shed light on this ongoing dispute between the state’s need for privacy and the public’s right to know what is going on.
{¶ 62} The majority’s conclusion that the good faith of law enforcement outweighs the benefit to the public establishes a blueprint for state agencies to stonewall valid requests for public records and then assert a good-faith defense when called into court. This could have a serious chilling effect on the willingness of the press to litigate public-records requests all the way to the Supreme Court of Ohio. Our failure to award attorney fees to the prevailing party essentially rewards bad behavior. “Catch me if you can” should not be the legal standard applied in important policy questions.
{¶ 63} The Enquirer could have saved attorney fees by abandoning this action as soon as the records were produced but it did not, and the law of Ohio is more easily understood as a result of its tenacity. The Enquirer has prevailed on the merits in this case. I would award reasonable attorney fees pursuant to former R.C. 149.43(C)(2)(b), 2013 Am.Sub.H.B. No. 59.